```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NI KETUT SULASTRI,

                Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               12-CV-3538(JS)(ARL)
LAWRENCE T. HALSEY, ROSE V.
HALSEY, and COASTAL PROJECTION
CORPORATION,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Paul F. Millus, Esq.
                    Meyer Suozzi English & Klein, P.C.
                    990 Stewart Avenue, Suite 300
                    Garden City, NY 11530

For Defendants:     Neil H. Greenberg, Esq.
                    Justin M. Reilly, Esq.
                    Neil H. Greenberg & Associates, P.C.
                    900 Merchants Concourse, Suite 214
                    Westbury, NY 11590
```

SEYBERT, District Judge:

Plaintiff Ni Ketut Sulastri ("Plaintiff") commenced this action against defendants Lawrence T. Halsey, Rose V. Halsey (collectively, the "Halseys"), and Coastal Projection Corporation ("Coastal," and together with the Halseys, "Defendants"), alleging (1) forced labor in violation of Sections 1589 and 1595 of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1589, 1595; (2) involuntary servitude in violation of Sections 1581 and 1584 of the TVPRA, 18 U.S.C. §§ 1581, 1584; the Eight Amendment of

the United States Constitution; and 42 U.S.C. § 1994; (3) trafficking with respect to peonage, slavery, involuntary servitude, and forced labor in violation of Sections 1590 and 1595 of the TVPRA, 18 U.S.C. §§ 1589, 1595; and (4) claims for unpaid wages, overtime, and spread of hours pay under the New York Labor Law § 190, et seq.

Defendants have moved for partial summary judgment on Plaintiff's claims under Sections 1581, 1584, 1589, and 1590 of the TVPRA. (Docket Entry 37.) On August 21, 2014, Magistrate Judge Arlene R. Lindsay issued a Report and Recommendation ("R&R") recommending that the motion be denied. (Docket Entry 44.) For the following reasons, the R&R is ADOPTED in its entirety and Defendants' motion for partial summary judgment is therefore DENIED.

BACKGROUND

Plaintiff is a Balinese national who came to the United States in February 2005 on a temporary visa. (Defs.' 56.1 Stmt., Docket Entry 30-1, ¶¶ 1, 3.) From her arrival until November 2008, she worked for the Halseys helping with tasks around their home and at their shoe business, Defendant Coastal, which was operated out of the basement of the Halseys' home. (Defs.' 56.1 Stmt. ¶¶ 4, 6.) In short, the Complaint basically alleges that the Halseys lured Plaintiff to the United States and forced her to live in poor conditions and work over fifteen

2

hours a day and that Rose Halsey told her that she could not prematurely leave the Halseys' employ unless she paid them the $3,000 it cost the Halseys to bring her to New York. (See generally Compl.)

Defendants have moved for partial summary judgment on Plaintiff's claims under Sections 1581, 1584, 1589, and 1590 of the TVPRA. (Docket Entry 37.) The undersigned referred this motion to Judge Lindsay on May 19, 2014. (Docket Entry 43.) On August 21, 2013, Judge Lindsay issued her R&R recommending denial of the motion. (Docket Entry 44.) On September 9, 2013, Defendants filed an objection to the R&R. (Defs.' Obj., Docket Entry 45.) Defendants' motion, Judge Lindsay's R&R, and Defendants' objections are currently pending before the Court.

## DISCUSSION

The Court will first address the standard of review before turning to Defendants' objection specifically.

I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the

3

recommended disposition.  See FED. R. CIV. P. 72(b)(2).  Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3).  A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object.  See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted).  Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance."  Kennedy v. Adamo, No.

02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. Defendants' Objection

As noted, Plaintiff alleges that Defendants subjected her to forced labor in violation of Section 1589 of the TVPRA. (Compl. ¶¶ 36-42.) She also claims that Defendants held her in involuntary servitude in violation of Sections 1581 and 1584 of the TVPRA. (Compl. ¶¶ 43-45.) Under Section 1589 of the TVPRA, it is illegal to "knowingly provide[ ] or obtain[ ] the labor or services of a person by" inter alia, "means of serious harm or threats of serious harm to that person or another person . . . ."[1] 18 U.S.C. § 1589(a)(2). On December 23, 2008, the TVPRA was amended to add a definition of "serious harm," which includes "financial harm":

> The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

---

[1] Section 1595 of the TVPRA authorizes victims of a TVPRA violation to bring a civil action against "the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of [the TVPRA]) . . . ." 18 U.S.C. § 1595(a).

5

18 U.S.C. § 1589(c)(2) (emphasis added). Under Section 1581 of the TVPRA, it is illegal to "hold[ ] . . . any person to a condition of peonage," 18 U.S.C. § 1581(a), and Section 1584 makes it a crime to "knowingly and willfully hold[ ] to involuntary servitude . . . any other person for any term." 18 U.S.C. § 1584(a).

Judge Lindsay's R&R recommends that this Court deny Defendants' motion for summary judgment on the forced labor and involuntary servitude claims based on a triable issue of material fact as to "whether [Plaintiff] was told that she could not leave the Halseys without repaying them for her travel costs to the United States." (R&R at 25.) In support of this finding, Judge Lindsay cited to Plaintiff's deposition testimony that Rose Halsey told her that she could not leave before four years unless she repaid the Halseys $3,000 in travel costs to the United States. (R&R at 24-25 (citing Sulastri Dep. Tr. at 10).)

Defendants object to this recommendation and finding, arguing that Plaintiff's allegation that she was threatened financially is unsupported and contradicted by the record. Defendants urge the Court to treat this case as one in which "the plaintiff relies almost exclusively on [her] own testimony, much of which is contradictory and incomplete," thereby permitting the Court to make an assessment regarding the

6

credibility of Plaintiff's testimony, notwithstanding the general rule that a district court may not weigh the credibility of the parties at the summary judgment stage. (Defs.' Obj., Docket Entry 45, at 4 (citing Jefferys v. City of N.Y., 426 F.3d 549, 555 (2d Cir. 2005).) However, Judge Lindsay noted that Dina Rustiningtiyas, another Indonesian woman who the Halseys employed prior to Plaintiff, similarly testified that Rose Halsey told her that she could not leave the Halseys' employ for four years unless she repaid them $5,000 for travel costs to the United States. (R&R at 26 (citing Rustiningtivas Dep. Tr. at 113-15).) Thus, although some of Plaintiff's allegations may be unsupported and contradicted by the record, Plaintiff's allegation regarding the threat to repay travel costs is not unsupported. And, as Judge Lindsay correctly found, evidence that Plaintiff was compelled to stay in the Halseys' employ in order to repay a debt is sufficient to create a genuine issue of material fact with respect to Plaintiff's claims under the TVPRA. See, e.g., Tanedo v. East Abton Rouge Parish Sch. Bd., No. 10-CV-1172, 2012 U.S. Dist. LEXIS 157725, at *12-14 (C.D. Cal. Aug. 27, 2012). Accordingly, Defendants' objection to the R&R is OVERRULED.

As noted, Plaintiff also asserts a claim of trafficking with respect to peonage, slavery, involuntary servitude, and forced labor in violation of Sections 1590 of the

7

TVPRA.  Judge Lindsay also recommends denial of summary judgment on this claim based on her finding of an issue of triable fact with respect to whether Defendants financially threatened Plaintiff.  While Defendants object to this finding in the context of Plaintiff's Sections 1581, 1584, and 1589 claims (which the Court has rejected), they do not posit any other objection unique to Judge Lindsay's recommendation with respect to the Section 1590 claim.  Accordingly, the Court has reviewed Judge Lindsay's R&R with respect to the Section 1590 claim for clear error and finds it to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

For the foregoing reasons, Defendants' objection is OVERRULED and the Court ADOPTS Magistrate Judge Lindsay's R&R in its entirety.  Defendants' motion for partial summary judgment is therefore DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  30 , 2014
       Central Islip, NY